### IRELL & MANELLA LLP

1800 AVENUE OF THE STARS, SUITE 900
**LOS ANGELES, CALIFORNIA 90067-4276**

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

**WRITER'S DIRECT**
mrussell@irell.com

December 16, 2015

**VIA ECF FILING**

The Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Vigil et al v. Take-Two Interactive Software, Inc.*,
                Case No. 1:15-cv-08211 (JGK)

Dear Judge Koeltl:

      Together with Kasowitz, Benson, Torres & Friedman LLP, we represent Defendant Take-Two Interactive, Inc. ("Take-Two").  By this letter, and pursuant to Your Honor's Individual Rules of Practice and the Local Rules of the Southern District of New York, Take-Two requests a pre-motion conference in advance of filing a motion to dismiss the First Amended Complaint (the "FAC").

      Take-Two is prepared to file the motion on or before the December 24, 2015 deadline (*see* Dkt. No. 8), but respectfully requests that the deadline be stayed pending the Court's grant of leave to file the motion without the need for a pre-motion conference, or until the date is set at the pre-motion conference.  Take-Two further requests that the Court conduct the pre-motion conference in conjunction with the case management conference scheduled for January 5, 2016.

      The FAC asserts a single cause of action, on behalf of a purported class of Illinois residents, for violation of the Illinois Biometric Information Privacy Act ("BIPA").  Plaintiffs claim to have played Take-Two's popular series of NBA-based basketball video games, specifically, the game created at the start of the NBA's 2014-15 season titled *NBA 2K15*.  The game includes a feature that allows a user to photograph his or her face, through a camera attached to the user's hardware, and to use the data from the photography to create a simulated game player whose face resembles the user's face.  Although this feature functions for entertainment purposes only, plaintiffs claim that it violates BIPA.  Plaintiffs have not alleged any harm, of any kind, from their use of this game feature.  Plaintiffs seek to recover under BIPA solely because the game contains this feature and they used it.

      The FAC suffers from multiple legal defects under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  First, Plaintiffs cannot show they have Article III standing.  Second, Plaintiffs cannot establish statutory standing under BIPA, which grants a right of action only

IRELL & MANELLA LLP

The Honorable John G. Koeltl
December 16, 2015 — Page 2

to an "aggrieved" plaintiff, *i.e.*, someone who has suffered an actual injury. Third, Plaintiffs lack contractual standing because their contract with Take-Two limits recovery to out-of-pocket expenses, and plaintiffs have none. For these reasons the FAC should be dismissed.

## Relevant Facts

BIPA is an Illinois statute enacted in 2008 to regulate the use of biometric technology by establishing consent, storage, and retention requirements for entities that obtain and/or disseminate biometric identifiers and information. *See* 740 Ill. Comp. Stat. 14/15. BIPA was enacted to address the increased use of biometric data "in the business and security screening sectors" and to safeguard information used in "biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." *Id.* at 14/5. Unlike other Illinois statutes, BIPA does not permit everyone to file suit. Instead, BIPA limits a private right of action to "[a]ny person aggrieved." *Id.* at 14/20. A prevailing aggrieved party may recover the greater of liquidated damages of $1,000 or actual damages for a negligent violation of the statute, or the greater of liquidated damages of $5,000 or actual damages for an intentional or reckless violation of the statute. *See id.*

Take-Two creates and distributes the *NBA 2K15* and *NBA 2K16* video games. These NBA-themed games include a "MyPlayer" feature. That feature allows users to create and personalize a basketball player-avatar based on their facial features, and to play with that avatar against others (when using "multiplayer" mode), who are thus able to see the user's avatar. The MyPlayer avatar can be used for entertainment purposes only; it is not used as an actual identifier or security measure in any context, including any for which the statute was passed, such as for purposes of using a credit card or accessing one's place of employment. In fact, the feature will superimpose on the avatar's "face" *any* photographic image the user creates during the photography session, such as a friend's face, the head of a pet dog or cat, or an inanimate object, such as a head of lettuce—all of which users have done for their own amusement.

Both named Plaintiffs claim to have used the MyPlayer feature to create an avatar based on photographic images of their faces, and to have played the game using the avatars in multiplayer mode, such that other persons were able to see them. To use the feature, however, Plaintiffs first consented to the disclosure of their avatar to others, and they also consented to Take-Two's Terms of Service ("Terms"), which limit Plaintiffs' standing by stating that "no recovery may be sought or received for damages other than out-of-pocket expenses." *See* FAC ¶¶ 22, 33 (stating that users must agree to Take-Two's End User License Agreement ("EULA"), and that Plaintiffs agreed); Take-Two's EULA, *available at* http://www.take2games.com/eula/ (stating that use of the game constitutes agreement with Take-Two's EULA, Privacy Policy, and Terms of Service); Take-Two's Terms of Service, *available at* http://www.take2games.com/legal/.

Plaintiffs do not allege that they suffered any harm before, during, or after using the MyPlayer feature. For example, Plaintiffs do not allege to have sustained any out-of-pocket

IRELL & MANELLA LLP

The Honorable John G. Koeltl
December 16, 2015 — Page 3

damages.  Yet each of them seeks $5,000 from Take-Two under BIPA's liquidated damages provision, plus millions of dollars more, at a rate of at least $5,000 for each class member on whose behalf they seek to sue.

<u>Summary of Take-Two's Motion to Dismiss</u>

**1.    <u>Plaintiffs Lack Article III Standing to Sue on Behalf of Themselves or a Class</u>**

Plaintiffs do not have standing under Article III.  To establish Article III standing, plaintiffs must show they have suffered an injury in fact that is "concrete and particularized" and "actual or imminent."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

As noted above, plaintiffs do not allege that they suffered any concrete or particularized injury, or any other form of injury.  Plaintiffs cannot rely on an allegation of mere loss of privacy to create an injury in fact.  *See Hammond v. Bank of N.Y. Mellon Corp.*, 2010 U.S. Dist. LEXIS 71996, *2 (S.D.N.Y. June 25, 2010) ("Plaintiffs here do not have Article III standing … because they claim to have suffered little more than an increased risk of future harm from the loss … of their personal information."); *Nat'l Council of La Raza v. Gonzales*, 468 F. Supp. 2d 429, 433-35, 44 (E.D.N.Y. 2007), *aff'd* 283 F. App'x 848, 2008 WL 2630729 (2d Cir. 2008) ("The speculation that … some unauthorized party may access plaintiffs' [identifying information]  in violation of a plaintiff members' privacy right does not satisfy the requirement that plaintiffs identify an 'actual or imminent,' 'concrete and particularized' injury").

Nor can plaintiffs merely rely on an alleged violation of BIPA—a state statute—to create an injury in fact so as to confer federal standing under the Constitution.[1]  The violation of a right created under *state* law cannot by itself confer federal standing under the Constitution.  *See Ross v. AXA Equitable Life Ins. Co.*, No. 14-CV-2904 JMF, 2015 WL 4461654, at *8-9 (S.D.N.Y. July 21, 2015) (holding a state legislature cannot confer Article III standing upon a plaintiff who suffers no concrete harm merely by authorizing a private right of action based on a bare violation of a state statute); *see also Mortera v. N. Am. Mort. Co.*, 172 F. Supp. 2d 1240, 1244 (N.D. Cal. 2001) ("[A] plaintiff whose cause of action is perfectly viable in state court under state law may nonetheless be foreclosed from litigating the same cause of action in federal court, if he cannot demonstrate the requisite injury.").

**2.    <u>Plaintiffs Lack Statutory Standing</u>**

BIPA limits a right of action to "[a]ny person aggrieved."  740 Ill. Comp. Stat. 14/20.  In the context of standing, the term "person aggrieved" in a statute generally requires that the plaintiff have suffered an actual harm.  *See Robainas v. Metro. Life Ins. Co.*, No. 14CV9926 DLC, 2015 WL 5918200, at *7 (S.D.N.Y. Oct. 9, 2015) ("[New York Insurance

---

[1] Whether a statute enacted by *Congress* can create statutory standing is currently before the Supreme Court.  *See Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014) *cert. granted*, 135 S. Ct. 1892 (2015).

Irell & Manella llp

The Honorable John G. Koeltl
December 16, 2015 — Page 4

Law Section 4226(d)] appears to require a plaintiff to experience a concrete injury in order to state a cause of action.  Section 4226(d) grants a cause of action to policyholders who were 'aggrieved' by 'knowing' misrepresentations about an insurer's reserves."); *Padilla v. Dish Network L.L.C.*, No. 12-CV-7350, 2013 WL 3791140, at *1-3 (N.D. Ill. July 19, 2013) (holding plaintiff was not "aggrieved" under SHVERA § 338i(7), even though the defendant retained his personal information, because he sustained no actual harm).  Because Plaintiffs have not alleged actual harm of any kind, they are not "aggrieved" and have no claim under BIPA.

BIPA's liquidated damages provision does not change the outcome.  Plaintiffs still must have sustained an actual injury to bring a claim.  *See Doe v. Chao*, 540 U.S. 614, 620 (2004) (holding that, even though the privacy statute at issue authorized an award of not less than a minimum/liquidated amount, the fact that the statute limited recovery to a person who has sustained an actual injury meant that the plaintiff had to sustain an actual injury to recover the liquidated amount).  Because plaintiffs have not alleged any actual injury, they have failed to state a claim for relief under BIPA.  *See Wojchowski v. Daines*, 498 F.3d 99, 106 (2d Cir. 2007).

3.    **Plaintiffs Lack Contractual Standing**

Plaintiffs are also barred from bringing this claim as a matter of contract.  Plaintiffs admit in the Complaint they agreed to the Terms of Service, which limit their right to sue to claims for out-of-pocket expenses.  *See* Compl. ¶¶ 22, 33 (stating that users must agree to Take-Two's EULA, and that Plaintiffs agreed); Take-Two's EULA, *available at* http://www.take2games.com/eula/ (stating that use of the game constitutes agreement with Take-Two's EULA, Privacy Policy, and Terms of Service).  The Terms of Service state that "no recovery may be sought or received for damages other than out-of-pocket expenses." Take-Two's Terms of Service; *available at* http://www.take2games.com/legal/.

Plaintiffs have not alleged that they have incurred any out-of-pocket expenses.  Thus, they have failed to fulfill an express contractual requirement to sue and cannot state a claim as a matter of law.  *See Joe Hand Promotions, Inc. v. Conroy*, 167 F. Supp. 2d 536, 539 (N.D.N.Y. 2001) (holding when plaintiff's licensing agreement geographically limited the plaintiff's distribution right, plaintiff did not have standing to bring claims outside that limit).

**Conclusion**

For the foregoing reasons, and as will be detailed in Take-Two's motion, Take-Two seeks to dismiss the Complaint under both Rule 12(b)(1) and 12(b)(6).

I R E L L  &  M A N E L L A  L L P

The Honorable John G. Koeltl
December 16, 2015 — Page 5

Respectfully Submitted,

By: _____

Robert M. Schwartz

KASOWITZ BENSON TORRES
    & FRIEDMAN LLP
Jed I. Bergman
Aaron H. Marks
1633 Broadway
New York, NY 10019

IRELL & MANELLA LLP
Robert M. Schwartz (*pro hac vice*)
Victor Jih (*pro hac vice*)
Nathaniel Lipanovich  (*pro hac vice*)
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067

5392990.4