

June 27, 2016

Honorable John G. Koeltl
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Vigil, et al. v. Take-Two Interactive Software, Inc.*
             Case No. 1:15-cv-8211 (JGK)

Dear Judge Koeltl:

Plaintiffs, on behalf of themselves and the putative class, hereby give notice of two recent judicial decisions relevant to the issues presented in the Defendant's pending motion to dismiss

On May 16, 2016, the Supreme Court decided *Spokeo, Inc. v. Robins*, --- U.S. ---, 136 S. Ct. 1540 (2016) (attached as Exhibit "A"), reaffirming that Article III standing does not require tangible injury. *Spokeo*, 136 S. Ct. at 1549 ("'Concrete' is not, however, necessarily synonymous with 'tangible.' ... [W]e have confirmed in many of our previous cases that intangible injuries can nevertheless be concrete."). The Supreme Court held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *See id.*. The Supreme Court explained that, "[i]n determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Id.* "Historically, common-law courts possessed broad power to adjudicate suits involving the alleged violation of private rights, even when plaintiffs alleged only the violation of those rights and nothing more. . . . Private rights' have traditionally included rights of personal security (including security of reputation), property rights, and contract rights." *Id.* at 1551 (Thomas, J., concurring) (emphasis added). Moreover, even in situations in which the violation of a procedural right granted by statute is insufficient to constitute injury in fact, "the risk of real harm" resulting from a statutory violation can still "satisfy the requirement of concreteness." *Spokeo*, 136 S. Ct. at 1549.

Additionally, on June 17, 2016, in *Boelter v. Hearst Commc'ns, Inc.*, --- F. Supp. 3d ---, 2016 WL 3369541 (S.D.N.Y. 2016) (attached as Exhibit "B") -- a putative class action that, similar to this case, involves the misappropriation of individuals' sensitive personal information in violation of their rights under a state statute -- Judge Analisa Torres of this District applied the decision in *Spokeo*, found that the plaintiffs had adequately alleged a concrete harm sufficient to confer standing, and denied the defendant's motion to dismiss. *Boelter*, 2016 WL 3369541, at *16. The court explained that, based on the allegations of the complaint, the "Defendant deprived Plaintiffs of their right to keep their information private" under the relevant Michigan statute at issue there, resulting in "a particularized, concrete injury-in-fact[.]" *Id.* at *3.

Respectfully submitted,

/s/ John C. Carey
John C. Carey