UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VANESSA VIGIL and RICARDO VIGIL, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>TAKE-TWO INTERACTIVE SOFTWARE, INC.,<br><br>    Defendant. | Civil Action 1:15-cv-08211 (JGK)(KNF) |

**RESPONSE TO PLAINTIFFS' SUR-REPLY
IN FURTHER SUPPORT OF MOTION TO DISMISS
THE SECOND AMENDED COMPLAINT
OR, IN THE ALTERNATIVE,
TO STRIKE THE CLASS ALLEGATIONS**

As Plaintiffs have essentially conceded, the SAC does not allege any injury apart from the alleged BIPA violations. Plaintiffs argue that these bare statutory violations confer standing by focusing on *Spokeo*'s discussion of intangible harms. However, the supplemental authorities cited by Plaintiffs confirm that, under *Spokeo*, historical practice and legislative judgment determine whether an intangible injury is sufficient for standing—both of which make clear that bare BIPA violations do *not* constitute concrete injuries. *See Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016); *Nokchan v. Lyft, Inc.*, 2016 WL 5815287, at *3 (N.D. Cal. Oct. 5, 2016); *Matera v. Google Inc.*, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016); *Aranda v. Caribbean Cruise Line, Inc.*, 2016 WL 4439935, at *4 (N.D. Ill. Aug. 23, 2016).

<u>Historical Practice</u>: *Spokeo* instructs courts "to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Plaintiffs try to ground their BIPA claim historically by arguing that unauthorized intrusions on privacy constitute injury. But plaintiffs are hard-pressed to say that their use of the scan-based feature was "without authorization" when they concede they "pressed 'Continue' when presented with the screen stating that '[y]our face scan will be visible to you and others you play with and may be recorded or screen captured during gameplay.'" SAC ¶ 14. Plaintiffs do not say that their face was scanned without their knowledge or that they were tricked or somehow forced to scan their faces while playing the video game. While plaintiffs now say they were unaware of exactly how the face scan would work, they do not deny that they chose to proceed with the face scan despite not knowing all the details.

The cited authorities make clear that such I-wish-I-had-more-information-when-I-consented claims are insufficient, by themselves, to constitute concrete injury. The plaintiff in *Nokchan* made a similar claim. In that case, the plaintiff argued that, even though he authorized

defendant Lyft to obtain his personal information, that authorization was not proper because Lyft failed to make certain statutorily required disclosures. The district court rejected the plaintiff's attempt to ground a concrete injury in a bare statutory violation:

> At oral argument, Plaintiff argued that invasion of privacy is an injury that traditionally has been recognized and that he has established such an injury for the purposes of Article III standing based on his allegation that the authorization he gave Lyft to obtain his personal information was not *proper*. Plaintiff was not, however, able to cite any authority …. It is true that under common law a consent to disclosure obtained by fraud or deceit may result in an invasion of privacy. … But no such conduct is alleged here.

2016 WL 5815287, at *6 (citing *Larroque v. First Advantage LNS Screening Sols., Inc.*, 2016 WL 4577257, at *4-5 (N.D. Cal. Sept. 2, 2016); *Smith v. Ohio State Univ.*, 2016 WL 3182675, at *1 (S.D. Ohio June 8, 2016)).

Nor can Plaintiffs claim that the lack of the information itself constitutes concrete injury. After canvassing numerous cases, the *Nokchan* court concluded that informational injuries have only been cognizable in rare instances, such as when a statute "implicate[s] interests of broad significance to the public." *Id.* at *9. Because an individual's failure to receive a BIPA disclosure is significant only to that individual, BIPA does "not implicate the type of diffuse, intangible injury" that has historically constituted a cognizable informational injury. *Id.* at *8 (quoting *Dolan v. Select Portfolio Servicing*, 2016 WL 4099109, at *5 (E.D.N.Y. Aug. 2, 2016)).

<u>Legislative Judgment</u>: Under *Spokeo*, courts next consider whether the legislature, in its judgment, has decided to "elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Spokeo*, 136 S. Ct. at 1549. Plaintiffs' sur-reply argues that a BIPA violation ought to be considered a concrete, de facto injury but

amazingly fails to cite any part of the statute or legislative history to support that argument. The focus must be on the legislature's judgment, not Plaintiffs' personal judgment.

Specifically, courts focus on the precise harms that the legislature identified. *See Aranda*, 2016 WL 4439935, at *5-6. The question is whether the legislature passed the statute in question because it believed either (a) that a violation of the statute itself should be considered a de facto injury, or (b) that a violation of the statute "may result in a harm or material risk of [some other] harm the [statute] was intended to curb." *Id.* at *5. The former creates a new substantive right that supports standing; the latter creates a procedural right that does not.[1]

The Illinois legislature made clear in enacting BIPA that it was creating procedural and not new substantive rights. Nothing in the statute suggests that the legislature believed a failure to have a formal retention policy or a failure to properly disclose that policy by themselves constituted "new evils" that should be considered de facto injuries. To the contrary, the legislature made clear that it was enacting the statute to reduce the risk of other harms—namely, identity theft—and to promote the use of biometric transactions. 740 Ill. Comp. Stat. 14/5.

This is further confirmed by the limited private right of action under BIPA. Though BIPA does contain a private right of action, that right requires a showing of actual harm. *See* 740 Ill. Comp. Stat. 14/20 (limiting the right of action to any person "aggrieved"); *Padilla v.*

---

[1] Plaintiffs offer a nonsensical and unsupported distinction between substantive and procedural statutes. *See* Dkt. No. 59-1, at 3 ("A procedural statutory provision, by definition, does not tell the regulated entity what to do – it tells the regulated entity how, or how not, to do it."). That makes no sense. The difference between substantive and procedural statutes is explained by the court in *Aranda*: substantive statutes prohibit the very harms that the statute seeks to prevent; procedural statutes "require the adoption of procedures" to decrease the risk of harms that exist apart from the violations of the statute. *See* 2016 WL 4439935, at *5.

*Dish Network L.L.C.*, 2013 WL 3791140, at *1-3 (N.D. Ill. July 19, 2013).  The Illinois legislature, in its judgment, did not give individuals a right to sue simply because there was a violation of BIPA; rather, only individuals who are actually injured by a violation can sue.

Neither *Matera* nor *Aranda* warrant a different result.  Unlike BIPA, the statutes at issue in *Matera*, the Wiretap Act and CIPA, do not "require a showing of actual harm" and substantively bar the defendant from "intercept[ing], scann[ing], and analyz[ing]" a person's communications.  2016 WL 5339806, at *13.  Similarly, the court in *Aranda* concluded that section 227 of the TCPA establishes a substantive right because "Congress has identified that such unsolicited telephonic contact constitutes an intangible, concrete harm."  2016 WL 4439935, at *5 ("There is no gap—there are not some kinds of violations of section 227 that do not result in the harm Congress intended to curb, namely, the receipt of unsolicited telemarketing calls that by their nature invade the privacy and disturb the solitude of their recipients.").

As Plaintiffs' alleged BIPA violations are not the type of injuries that have historically provided the basis for a lawsuit, and the Illinois legislature did not make such bare statutory violations legally cognizable, Plaintiffs have failed to allege a concrete injury and thus lack Article III standing.  Accordingly, the Court should dismiss the SAC with prejudice.

Dated:  November 18, 2016

Respectfully submitted,

By: /s/ Robert M. Schwartz
Robert M. Schwartz

KASOWITZ BENSON TORRES
 & FRIEDMAN LLP
Jed I. Bergman (jbergman@kasowitz.com)
Aaron H. Marks (amarks@kasowitz.com)
1633 Broadway
New York, NY 10019
(212) 506-1700

IRELL & MANELLA LLP
Robert M. Schwartz (rschwartz@irell.com)
Victor Jih (vjih@irell.com)
Nathaniel Lipanovich (nlipanovich@irell.com)
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
(310) 277-1010

*Attorneys for Defendant Take-Two Interactive Software, Inc.*